[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 06, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14391
_____

D. C. Docket No. 98-02382 CV-T-17B
Bkcy. Docket No. 96-00805-8P1

IN RE: OPTICAL TECHNOLOGIES, INC.,

Debtor.

DELAINE GRAY, as Distribution Trustee for the Consolidated Debtors,

Plaintiff-Appellant,

versus

RAYMOND MANKLOW,
JEAN FRANCOIS VINCENS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 6, 2001)**

Before BLACK and MARCUS, Circuit Judges, and HANCOCK[*], District Judge.

_____

[*]Honorable James H. Hancock, U.S. District Judge for the Northern District of Alabama, sitting by designation.

MARCUS, Circuit Judge:

This is an appeal from final summary judgment entered by the bankruptcy court against Recomm Enterprises, Inc. and Recomm Operations, Inc. ("the Debtors") in an adversary proceeding in which the Debtors sought to recover allegedly fraudulent transfers, preference payments and damages for breaches of fiduciary duty. The district court affirmed the bankruptcy court's order, after which the Debtors appealed to this court. We agree with the analysis and well-reasoned opinion of the district court and affirm, but take this opportunity to reiterate the standard of review governing both this appeal and the appeal to the district court from the bankruptcy court's entry of summary judgment.

I.

The relevant facts are straightforward. Prior to 1994, Raymond Manklow ("Manklow") and Jean-Francois Vincens ("Vincens") were the sole shareholders of the Debtors. In addition, they owned several other entities, known collectively as "the Recomm Companies." Although there was a plan for a merger between the Debtors and the Recomm Companies, no statutory merger was ever completed. Manklow and Vincens sold their interests in the Recomm Companies to three Recomm employees in 1994, and in 1996 the Recomm Companies and the Debtors filed for bankruptcy.

In this adversary action, the Debtors seek to avoid allegedly fraudulent transfers made by the Debtors to Manklow and Vincens between 1992 and 1995, pursuant to 11 U.S.C. §§ 547 and 548, and Fla. Stat. § 726.105(1)(a)-(b). The Debtors also allege that Vincens and Manklow breached a fiduciary duty owed to Recomm Operations and its creditors.

Following discovery, Vincens and Manklow moved for summary judgment, arguing, *inter alia*, that (1) the Debtors could not avoid the allegedly fraudulent or preferential transfers because the transfers had actually been made by the Recomm Companies, not by either of the Debtors, and the claims were therefore not the property of either of the Debtors' bankruptcy estates; and (2) as to the breach of fiduciary duty claim, there was insufficient evidence that Vincens and Manklow qualified as "insiders" of Recomm Operations, a necessary element of the claim. See 11 U.S.C. § 547(b)(4)(B). The bankruptcy court agreed with Vincens and Manklow on both issues and entered summary judgment against the Debtors.

On appeal to the district court, as well as to this Court, the crux of the Debtors' argument is that summary judgment was improvidently granted because there were genuine issues of material fact as to whether the Debtors owned the claims to payments made by the Recomm Companies, and whether Vincens and Manklow qualified as insiders.

II.

Under Fed. R. Civ. P. 56(c), made applicable to adversary proceedings and contested matters in bankruptcy cases by Bank. R. 7056 and 9014, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "'In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

It is axiomatic that a bankruptcy court deciding a summary judgment motion, just like a district court, must determine whether there are any genuine issues of material fact. *See Carey Lumber Co. v. Bell*, 615 F.2d 370, 378 (11th Cir. 1980) (per curiam) (holding that a bankruptcy court that (1) determined that there were no issues of material fact, (2) accepted all undisputed factual allegations as

4

true, and (3) found that summary judgment was warranted as a matter of law, "followed the correct legal standard."). Like a district court, a bankruptcy court may only grant summary judgment where there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). Our law is also clear that an appellate court reviews a bankruptcy court's grant of summary judgment *de novo*. *See In re Walker*, 48 F.3d 1161, 1163 (11th Cir. 1995) ("We review the bankruptcy court's grant of summary judgment *de novo*, applying the same legal standards used by the trial court."); *In re Club Assocs.*, 951 F.2d 1223, 1229 (11th Cir. 1992) (citing *In re Nash*, 765 F.2d 1410, 1412 (9th Cir. 1985) ("The bankruptcy court's grant of summary judgment, affirmed by the district court, is subject to *de novo* review.")).

To the extent, however, that the district court's opinion may be read to suggest that appellate review of a bankruptcy court's entry of summary judgment may be governed by a clearly erroneous standard,[1] we take this opportunity to make clear that both the district court and this Court review a bankruptcy court's entry of summary judgment *de novo*. The district court relied on *In re Club Assocs.*, which explained that "factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard." 951 F.2d

_____

[1] In laying out the standard of review, the district court stated, among other things, that "[f]indings of fact by the bankruptcy judge shall be upheld on appeal unless found to be clearly erroneous." *In re Optical Technologies, Inc.*, 252 B.R. 531, 533 (M.D. Fla. 2000). The district court also observed that it reviewed the bankruptcy court's conclusions of law *de novo*. *Id.* at 537.

5

at 1228. While it is true that, in general, a district court reviews a bankruptcy court's factual findings for clear error, we do not read *In re Club Assocs.* to hold, nor could it be so read in light of our precedent, that the standard of review for summary judgment, which by definition involves no findings of fact, is anything other than *de novo*. *See also Rosen v. Bezner*, 996 F.2d 1527, 1530 n.2 (3d. Cir. 1993) ("because summary judgment may only be granted where there is no genuine issue of material fact, any purported 'factual findings' of the bankruptcy court cannot be 'factual findings' as to disputed issues of fact, but rather are conclusions as a matter of law that no genuine issue of material fact exists."). Quite simply, our law is, and has been, that a summary judgment ruling is reviewed *de novo*.

Our sister Circuits likewise have unanimously articulated the principle that both the district court and the courts of appeal review a bankruptcy court's entry of summary judgment *de novo*. *See In re Blackwood Assocs., L.P.*, 153 F.3d 61, 67 (2d Cir. 1998) ("[W]e review the district court's affirmance of the bankruptcy court in accordance with our well established standards of review. Specifically, we review a grant of summary judgment *de novo* . . ."); *In re Hudson*, 107 F.3d 355, 356 (5th Cir. 1997) (same); *Southern Tech. College, Inc. v. Hood*, 89 F.3d 1381, 1383 (8th Cir. 1996); *In re Slamans*, 69 F.3d 468, 472 (10th Cir. 1995); *In re*

6

*Varrasso*, 37 F.3d 760, 763 (1st Cir. 1994); *In re Batie*, 995 F.2d 85, 88-89 (6th Cir. 1993); *Rosen*, 996 F.2d at 1530; *In re Knightsbridge Development Co.*, 884 F.2d 145, 147 n.3 (4th Cir. 1989); *In re Colonial Discount Corp.*, 807 F.2d 594, 596 (7th Cir. 1986); *In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir. 1984).

In the instant case, the bankruptcy court properly concluded that there were no genuine issues of material fact and that summary judgment was appropriate as a matter of law. The bankruptcy court made no findings of fact, nor could it, on summary judgment, and accordingly, our review is *de novo*.

Having conducted a *de novo* review of the bankruptcy court's order, we agree with the district court that summary judgment was properly granted as to all claims in this case. As the bankruptcy court noted, the facts of this case were essentially undisputed, and, even when viewed in the light most favorable to the Debtors, are insufficient as a matter of law to establish that the Debtors owned the claims arising from transfers made by the other Recomm Companies, or that Vincens and Manklow were insiders of either of Recomm Operations.

Accordingly we affirm.

AFFIRMED.