[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13427
Non-Argument Calendar

_____

D. C. Docket No. 06-00189-CV-J-32-HTS

JEROME BLACKSHEAR,

Plaintiff-Appellant,

versus

MRS. T. DOWLING, in her individual capacity,
W.A. HUBBARD, in his individual capacity,
P.D. KNABB, in his individual capacity,
BRUCE E. STATEN, in his individual capacity,
TRUNG VAN LE, in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 9, 2009)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jerome Blackshear, a prisoner proceeding *pro se*, appeals the district court's grant of defendants' motion for summary judgment as to his 42 U.S.C. § 1983 civil rights complaint alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment proscription against cruel and unusual punishment. On appeal, Blackshear argues a genuine factual dispute existed as to whether he had a parasitic infestation. He presents medical records for the first time on appeal in support of this assertion. Blackshear also argues the defendants, with the intent of deceiving the court, knowingly withheld, concealed, and altered medical records confirming he was diagnosed with parasites.

We review a district court order granting summary judgment *de novo*, applying the same standard as the district court. *Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 759 (11th Cir. 2006). "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *In re Optical Technologies, Inc.*, 246 F.3d 1332, 1334 (11th Cir. 2001) (quotation omitted). "[O]n a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." *Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002). "If a reasonable jury could not find in

favor of the nonmoving party, no genuine issue of material fact does exist; and summary judgment is proper. A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004) (citation omitted). "A party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2).

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. *Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 97 S. Ct. 1401, 1412 (1977) (citations and quotation omitted).

To prove deliberate indifference, a prisoner must show (1) he had a serious medical need (the objective component), (2) the prison official acted with

deliberate indifference to the serious medical need (the subjective component), and (3) as with any tort claim, the injury was caused by the defendant's wrongful conduct. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). "A medical need that is serious enough to satisfy the objective component is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation omitted)). To defeat a prison official's motion for summary judgment, a plaintiff must show knowledge of a serious medical risk and disregard of that risk by conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). This can be treatment "so cursory as to amount to no treatment at all," *id.*, or delay when it is apparent delay would exacerbate the medical condition, it does so, and the delay is not medically justified, *Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir. 2000). A difference in medical opinion does not constitute deliberate indifference under the Eighth Amendment. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

We may not consider new evidence furnished for the first time on appeal. *See Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965) (noting "[we] must decline to consider the merits of issues based on new evidence furnished for the

4

first time on appeal in the form of affidavits presented by the amicus"). We have "refused to supplement the record when a party has filed supplemental material without requesting leave of this court or has appended material to an appellate brief without filing a motion to supplement." *Ross v. Kemp*, 785 F.2d 1467, 1474-75 (11th Cir. 1986).

We have reviewed the district court's order, and find it comprehensively analyzed Blackshear's claims according to the applicable legal standards. For the reasons the district court stated in rejecting Blackshear's § 1983 claim, we conclude the district court did not err in finding the defendants were not deliberately indifferent to Blackshear's serious medical needs, and Blackshear was not subject to cruel and unusual punishment. Because we may not consider new evidence furnished for the first time on appeal, we need not consider the medical record attached to Blackshear's reply brief. Accordingly, we affirm the district court's grant of summary judgment to the defendants.

**AFFIRMED.**