[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12075
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

D. C. Docket No. 5:09-cv-02575-KOB ; 07-81534-JAC-7


In Re:  TIMOTHY D. SHELTON,

                                                                          Debtor.

_____

AAFCOR, LLC,

                                                                 Plaintiff-Appellant,

versus

FRANK SPIRES,
SPIRES & ASSOCIATES, PC, et al.,

                                                                 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 3, 2012)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

AAFCOR, LLC appeals the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of defendants Timothy D. Shelton ("Shelton"), Kenneth Shelton ("Kenneth"), Frank Spires, Spires & Associates, P.C. (collectively, "Spires"), and Jim Pope.  No reversible error has been shown; we affirm.

This case arose out of these facts, presented in the light most favorable to AAFCOR.[1]  Shelton owned and operated two business entities that bottled and distributed water.  The business operations -- including the business offices, bottling plant, and the well that supplied water for both businesses -- were located on a 65-acre parcel of land (the "Springfield Property").  Although Shelton had once owned the entire Springfield Property, he transferred it to his brother, Kenneth, in 2000 to avoid foreclosure.  The deed reflecting that transfer was recorded properly in the county records.

---

[1]In determining whether summary judgment was appropriate, we "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  Gray v. Manklow (In re Optical Techs., Inc.), 246 F.3d 1332, 1334 (11th Cir. 2001).

In 2006, Shelton contacted Pope, a friend and loan broker for the Federal Rural Development loan program, about securing working capital loans for his businesses. Pope introduced Shelton to AAFCOR, a company that specialized in high-risk investment opportunities.

AAFCOR was comprised of two principals, Donna Zerbo and David Hirsch, both of whom were experienced in complex financing transactions. Zerbo was a practicing lawyer and certified public accountant with an LLM in tax. Hirsch, a former engineer, had more than 30 years' experience restructuring debt and operations for distressed multi-million dollar companies and was experienced in performing due diligence on businesses' operations and finances.

Throughout Shelton's negotiations with AAFCOR, Shelton made oral statements indicating falsely that he still owned the Springfield Property; and Kenneth never corrected him. Shelton also provided AAFCOR with a partial business plan prepared by Pope and an uncertified financial statement prepared by Spires, Shelton's accountant, both of which indicated that Shelton owned the Springfield Property.

As part of AAFCOR's due diligence, Zerbo hired a law firm to perform title searches on all properties listed on Shelton's financial statement. She testified that she relied on the law firm "to do whatever was necessary" to secure AAFCOR's

loan on the Springfield Property. Zerbo did not, however, remember the results of those title searches.

Meanwhile, Hirsch visited the Springfield Property at least 120 times and had full access to Shelton's files and records, including personal and business tax records. Hirsch verified the existence of all assets listed on Shelton's financial statement, audited all the equipment listed, and confirmed the ownership of all real estate listed on the financial statement. Hirsch also visited the county courthouse and obtained a copy of the deed conveying ownership of the Springfield Property to Kenneth in 2000. Because the deed described the property in terms of metes and bounds -- which Hirsch did not understand -- Hirsch asked Shelton to clarify what portions of the Springfield Property were owned by Kenneth. Hirsch failed to show the deed to Zerbo or to the lawyers that AAFCOR had hired and did not conduct an independent survey of the land. AAFCOR ultimately loaned Shelton more than $1.5 million, using Shelton's assets as collateral.

After Shelton filed a petition for bankruptcy, AAFCOR filed a "Complaint to Render Debt Non-Dischargeable and for Other Relief" in the bankruptcy court.

AAFCOR asserted these general claims:[2] (1) fraud against all defendants,[3] (2) fraudulent suppression against Kenneth and Spires,[4] (3) accounting malpractice against Spires, and (4) conspiracy to defraud against all defendants. AAFCOR alleged that, during the course of the negotiations and due diligence period, defendants made various oral and written misstatements about the true ownership of the Springfield Property.

In two separate orders, the bankruptcy court granted defendants' motions for summary judgment. The court determined that AAFCOR failed to establish the reasonable reliance element required for its fraud, fraudulent suppression, and accounting malpractice claims. Because conspiracy requires evidence of an underlying tort, the bankruptcy court also granted summary judgment on AAFCOR's conspiracy claims.

---

[2]AAFCOR also alleged that Kenneth was Shelton's business partner and, thus, was liable for Shelton's loans. Because the bankruptcy court reserved judgment on that issue, that claim is not before us on appeal.

[3]The bankruptcy court analyzed and denied AAFCOR's fraud claim against Shelton both under Alabama law and under the Bankruptcy Code. Because AAFCOR presented no argument under the Bankruptcy Code -- either in the district court or in its appellate brief -- that issue is abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[4]In the bankruptcy court, AAFCOR also raised a fraudulent suppression claim against Pope. But, because AAFCOR failed to pursue this claim in the district court, it is abandoned. See Access Now, Inc., 385 F.3d at 1330.

The district court affirmed the bankruptcy court's grant of summary judgment concluding that, as a matter of law, AAFCOR could not establish the reasonable reliance element required for its fraud or fraudulent suppression claims. Although the district court determined that AAFCOR's accounting malpractice claim was abandoned,[5] it noted that AAFCOR also failed to satisfy the reliance standard for that claim. The district court then concluded that AAFCOR's conspiracy claim could not survive in the absence of these underlying torts.

We review de novo the bankruptcy court's entry of summary judgment. Gray v. Manklow (In re Optical Techs., Inc.), 246 F.3d 1332, 1335 (11th Cir. 2001). "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. at 1334.

To establish its fraud and fraudulent suppression claims against defendants, AAFCOR must prove, among other things, that it reasonably relied on defendants' alleged misrepresentations or omissions. See AstraZeneca LP v. State, 41 So. 3d

---

[5]We disagree with the determination that AAFCOR abandoned its accounting malpractice claim. Because AAFCOR's brief addressed the reliance element of its accounting malpractice claim, AAFCOR raised the issue sufficiently in the district court. Thus, we review this claim on the merits.

15, 26-27 (Ala. 2009) (requiring proof of reasonable reliance for both fraudulent misrepresentation and fraudulent suppression claims under Alabama law). And AAFCOR must establish that it justifiably relied on Shelton's financial statement to prevail on its accounting malpractice claim against Spires. See Boykin v. Arthur Andersen & Co., 639 So. 2d 504, 509-10 (Ala. 1994) (adopting the "justifiable reliance" standard described in the Restatement (Second) of Torts § 552 as the test for professional negligence under Alabama law), overruled on other grounds by Altrust Fin. Servs. v. Adams, 76 So. 3d 228 (Ala. 2011).

As a matter of law, we conclude that AAFCOR cannot show reasonable or justifiable reliance; summary judgment was proper on AAFCOR's fraud, fraudulent suppression, and accounting malpractice claims. Under Alabama law, a party that undertakes an independent investigation that "is of such character as to acquaint him fully with the essential facts" and "he learns the truth, . . . or if the facts he seeks to know are as obvious to him as to the representor, and their means of knowledge are equal, he is presumed to rely on his own investigation, and not on the [alleged fraudulent] representation." Burroughs v. Jackson Nat'l Life Ins. Co., 618 So. 2d 1329, 1332 (Ala. 1993).

Before AAFCOR agreed to the loan, it conducted two independent investigations into the accuracy of Shelton's financial statement and into the

ownership of the Springfield Property. First, AAFCOR hired -- and relied expressly on -- an independent law firm to conduct a title search on all property listed in Shelton's financial statement, including the Springfield Property. Although the results of that title search are not part of the record, AAFCOR concedes that (during Hirsch's extensive due diligence) Hirsch actually discovered a copy of the deed transferring the Springfield Property from Shelton to Kenneth. Because both investigations were sufficient to acquaint AAFCOR with the essential facts surrounding the true ownership of the Springfield Property and because Hirsch's investigation uncovered the truth -- or at least facts that were as obvious to AAFCOR as they were to defendants -- we presume that AAFCOR relied on its own investigations and not defendants' alleged misrepresentations. See id.

About the deed, AAFCOR contends that it was under no obligation to conduct a survey to determine the meaning of the metes and bounds description and that it was entitled to rely on Shelton's interpretation of the deed's legal description. But, under Alabama law, real estate investors "are 'presumed to have examined the title records and knowledge of the contents of those records is imputed [to them].'" Gilmore v. M & B Realty Co., LLC, 895 So. 2d 200, 211

(Ala. 2004). Thus, knowledge of the content of the deed -- which the parties agree was accurate -- is imputed to AAFCOR.

Moreover, to the extent that Hirsch relied solely on Shelton's interpretation of the deed's legal description, such reliance was unreasonable as a matter of law. Hirsch was a sophisticated investor whose partner was a practicing lawyer experienced in real estate transactions. Instead of consulting with Zerbo, one of AAFCOR's hired lawyers, or a land surveyor, Hirsch consulted only with Shelton, who was not only a biased party but who also lacked expertise in interpreting deed descriptions. "If the purchaser [-- as AAFCOR did here --] blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, 'volunti non fit injuria'" Alfa Life Ins. Co. v. Green, 881 So. 2d 987, 992 (Ala. 2003).

Because AAFCOR has failed to establish that it relied on defendants' misrepresentations and omissions, summary judgment was proper on AAFCOR's fraud, fraudulent suppression, and accounting malpractice claims. And, because "[a civil] conspiracy cannot exist in the absence of an underlying tort," we also affirm summary judgment on AAFCOR's conspiracy claim. See Willis v. Parker, 814 So. 2d 857, 867 (Ala. 2001).

9

On appeal, AAFCOR also contends that it was denied the opportunity to seek reconsideration of the district court's decision because the court's final order was entered on 31 March 2011 but the Memorandum Opinion was not entered until 21 April 2011. As an initial matter, we note that AAFCOR addressed this issue only in the "Statement of Issues" and "Summary of the Argument" sections of its appellate brief and failed to provide legal support for its claim. But, even if we assume -- without deciding -- that AAFCOR raised sufficiently this claim on appeal, we conclude that it lacks merit because the district court also entered an "Amended Final Order" on 21 April 2011.

AFFIRMED.