IN RE: Larry Bruce THACKER, Debtor.

Larry Bruce Thacker, Plaintiff-Appellant,

v.

SE Property Holdings, LLC Defendant-Appellee.

No. 16-11802

United States Court of Appeals, Eleventh Circuit.

Filed (January 30, 2017)

Natasha Revell, Teresa Marie Dorr, Kenneth W. Revell, Zalkin Revell, PLLC, Santa Rosa Beach, FL, for Plaintiff-Appellant

Michael Patrick Dickey, Barron & Redding, PA, Panama City, FL, for Defendant-Appellee

Before WILSON and JULIE CARNES, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

Appellant Larry Thacker appeals the district court's affirmance of the bankruptcy court's denial of his discharge and grant of summary judgment for the appellee SE Property Holdings, LLC (SEPH) based on a continuing concealment theory and collateral estoppel. After careful review of the record and parties' briefs, along with the benefit of oral argument, we affirm.

We review a grant of summary judgement de novo. *In re Optical Techs., Inc.*, 246 F.3d 1332, 1335 (11th Cir. 2001). This litigation originated in 2009 and has allowed Mr. Thacker to avoid satisfying a million dollar judgment owed to SEPH. Since then, several courts have affirmed the finding of fraudulent conduct exhibited by Mr. Thacker when he transferred most of his assets into a trust with intent to hinder, delay, and defraud SEPH. The district court determined that the bankruptcy court properly gave collateral estoppel effect to the findings of fraud in order to conclude that "Thacker is not the kind of

---

[*] Honorable James Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

honest debtor who is entitled to discharge." *Thacker v. SE Prop. Holdings, LLC*, No. 5:15–cv–00183–MP–CJK, 2016 WL 6039204 at \*20 (N.D. Fla., Mar. 21, 2016). The bankruptcy court also properly applied the doctrine of continuing concealment to conclude that Thacker's fraudulent behavior continued after the initial transfers were made. We agree with the thorough and well-reasoned decision of the district court. Although denial of discharge is an extraordinary measure, "it is clear that these facts present a case in which the denial was warranted." *Id.* at 21.

**AFFIRMED.**