[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 21, 2007
THOMAS K. KAHN
CLERK

No. 07-10828
Non-Argument Calendar

_____

D. C. Docket No. 03-02830-CV-S
BKCY No. 02-02514-TOM7

In Re:  EDWARD KIRKSEY WOOD, JR.,
        JO ANN CARLE WOOD,

                                                        Debtors.

_____

E. TED TAYLOR,

                                                        Plaintiff-Appellant,

                            versus

EDWARD KIRKSEY WOOD, JR.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 21, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Creditor Ted Taylor appeals the district court's reversal of the bankruptcy court's order in this case. The bankruptcy court found Edward Kirksey Wood liable for a nondischargeable debt for obtaining Taylor's signature on a loan guaranty by false pretenses, pursuant to 11 U.S.C. § 523(a)(2)(A). The district court found the bankruptcy court's factual findings did not support a legal finding that the debt was nondischargeable.

On appeal, Taylor argues that Wood's debt to him is nondischargeable because Wood failed to discover and disclose to him material facts about another partner's limited guaranty on a loan for which Taylor signed an unlimited guaranty. Taylor acknowledges that a creditor must show an intent to deceive to find a debt nondischargeable based on false pretenses but asserts the bankruptcy court's factual findings impliedly found Wood intended to deceive because he knowingly or recklessly failed to discover the truth.

We review the bankruptcy court's judgment independently of the district court's. *In re Int'l Pharmacy & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005). We review determinations of law made by the bankruptcy court or district court *de novo* and the bankruptcy court's findings of fact for clear error. *Id*. "[F]indings of fact are not clearly erroneous unless, in light of all the evidence, we

2

are left with the definite and firm conviction that a mistake has been made." *Id*.

"[C]ourts generally construe the statutory exceptions to discharge in bankruptcy liberally in favor of the debtor, and recognize that the reasons for denying a discharge . . . must be real and substantial, not merely technical and conjectural." *In re Miller*, 39 F.3d 301, 304 (11th Cir. 1994) (internal citations and quotations omitted). However, "the opportunity for a completely unencumbered new beginning" is limited to the honest debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 659 (1991). Section 523 of the Bankruptcy Code outlines the exceptions to discharge in bankruptcy. *See* 11 U.S.C. § 523. The objecting creditor bears the burden of proving the § 523(a) dischargeability exceptions by a preponderance of the evidence. *Grogan*, 498 U.S. at 291, 111 S. Ct. at 661.

Section 523(a)(2)(A) excludes from discharge debts obtained through "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). We have noted that § 523(a)(2)(A) has generally been interpreted to require the traditional elements of common law fraud. *In re Bilzerain*, 153 F.3d 1278, 1281 (11th Cir. 1998). The elements of a claim under § 523(a)(2)(A) are: (1) the debtor made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the false representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the false representation. *Id*.

3

In *In re Gilmore*, 221 B.R. 864, 872 (Bankr. N.D. Ala. 1998), the bankruptcy court discussed the meaning of false pretenses in § 523(a)(2)(A) and noted the following:

> The concept of false pretenses is especially broad. It includes any intentional fraud or deceit practiced by whatever method in whatever manner. False pretenses may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak, and may consist of any acts, work, symbol, or token calculated and intended to deceive. . . . It is a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongfully induced by a debtor to transfer property or extend credit to the debtor. . . . Silence or concealment as to a material fact can constitute false pretenses.

*Gilmore*, 221 B.R. at 872 (internal citations and quotations omitted). Additionally, false pretenses contemplate a misrepresentation that is intentional or made with reckless indifference to the truth. *In re Booth*, 174 B.R. 619, 623 (Bankr. N.D. Ala. 1994).

In this case, the bankruptcy court's factual findings do not support the legal conclusion that Wood engaged in false pretenses under § 523(a)(2)(A). The bankruptcy court found that Wood should have discovered and corrected Taylor's mistaken impression concerning another partner's limited guaranty on the loan but that Wood believed that partner's guaranty was unlimited and may not have discovered the truth until after Taylor signed the unlimited guaranty. The

4

bankruptcy court failed to find that Wood recklessly disregarded the truth, noting only that he was in the best position to learn the truth about the other partner's limited guaranty.  We do not find this factual finding clearly erroneous.  The district court correctly applied the law to the bankruptcy court's factual findings to determine that those findings could not legally support the conclusion that Wood engaged in false pretenses to obtain a debt.  Therefore, we affirm the district court.

**AFFIRMED.**