[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 2, 2008
THOMAS K. KAHN
CLERK

No. 07-15794
Non-Argument Calendar

_____

D. C. Docket No. 06-00191-CV-J-32MCR

DARRYL M. WHITEHURST,

Plaintiff-Appellant,

versus

WAL-MART STORES EAST, L.P.,
a foreign corporation licensed to do
business in the state of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 2, 2008)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Darryl M. Whitehurst, proceeding *pro se*, appeals the dismissal of his complaint for failure to state a claim. Whitehurst argues that Wal-Mart failed to timely file its motion to dismiss, that he in fact stated a claim, and that the court was biased against him in dismissing his case. For the reasons that follow, we affirm in part and dismiss this appeal in part.

## I.

*A. Jurisdiction*

We first address our appellate jurisdiction. We may exercise jurisdiction only if a notice of appeal is timely filed. *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001). A notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). When a separate judgment is required but not entered, a separate judgment is deemed to have been entered 150 days after the entry of the challenged order. FED. R. APP. P. 4(a)(7)(A)(ii).

Since Whitehurst does not specify which order he is appealing, we will liberally construe his notice as a notice of appeal as to the final judgment and all post-judgment motions. *See Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (embracing "'a policy of liberal construction of notices of appeal' when (1) unnoticed claims or issues are inextricably intertwined with

2

noticed ones and (2) the adverse party is not prejudiced" (citation omitted)).

*1. Final Order*

The district judge granted Wal-Mart's motion to dismiss in a final order dated July 13, 2007, but did not enter a separate judgment. Thus, a separate judgment was deemed entered on December 10, 2007, 150 days after July 13, 2007. *See* FED. R. APP. P. 4(a)(7)(A)(ii); FED. R. CIV. P. 58(a). Whitehurst then had until January 9, 2008 to file a timely notice of appeal. *See* FED. R. APP. P. 4(a)(1)(A). Whitehurst filed his notice of appeal on December 7, 2007. His notice is thus timely to appeal the district judge's July 13, 2007 order.

*2. Post-judgment Orders*

The magistrate judge disposed of the last post-judgment motion in an order dated November 2, 2007. Either party could have timely appealed a post-judgment order on or before December 3, 2007. *See* FED. R. APP. P. 4(a)(1)(A); FED. R. APP. P. 26(a)(3) (extending the appeal period so that the last day does not fall on a Saturday, Sunday, or legal holiday). Whitehurst's December 7, 2007 notice of appeal is thus untimely to obtain review of any of the post-judgment orders.

*B. Standing*

We must also consider standing *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007)

(citations omitted). "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757, 70 L. Ed. 2d 700 (1982). To meet Article III's case or controversy requirement, a party must have standing. *Id.* at 471-72, 102 S. Ct. at 758. Standing requires that plaintiff "demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1202 (11th Cir. 2003) (citation and quotation marks omitted).

Here, Whitehurst filed suit on behalf of family members. He alleged that Wal-Mart was vicariously liable for its employee's negligence. He alleged that, as he and his family were shopping at Wal-Mart, an employee tried to apprehend an individual. The two started fighting near Whitehurst's family. The fight caused harm to Whitehurst's wife, 8-year-old son, and 6-month-old granddaughter.

Whitehurst did not allege that he himself suffered any injury traceable to Wal-Mart. Thus, he lacks standing to bring this suit. Since Whitehurst's lack of standing is intertwined with his failure to state a claim, however, we will address his arguments.

4

**II.**

*A. Motion to Dismiss*

Whitehurst argues that Wal-Mart's motion to dismiss was untimely. We disagree. A party's Rule 12(b)(6) motion to dismiss for failure to state a claim is a nullity if the party files that motion after raising the defense of failure to state a claim in its answer. *See Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35, 1096 n.46 (11th Cir. 2001). But the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c). *Id.*

Wal-Mart preserved the defense of failure to state a claim by raising it in its answer. In so doing, however, Wal-Mart could not assert the defense in a Rule 12(b)(6) motion. Nevertheless, when construed as a Rule 12(c) motion for judgment on the pleadings, Wal-Mart's motion was timely.

*B. Judgment on the Pleadings*

Whitehurst next argues that the district court improperly dismissed his complaint. He asserts that his complaint in fact stated a claim, and that the district court needed to consider only whether Wal-Mart had complied with the Federal Rules of Civil Procedure. Whitehurst further asserts that he could advocate for his family. We disagree.

We review *de novo* a motion for judgment on the pleadings, "accepting the

5

facts in the complaint as true and viewing them in the light most favorable to the nonmoving party. Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (internal citations and quotation marks omitted).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. A party may not, however, "appear or be heard as counsel for another in any proceeding" in the Middle District of Florida unless admitted to practice before that court. M.D. FLA. R. 2.01(a).[1]

Whitehurst has not alleged that he himself suffered any injury fairly traceable to Wal-Mart. Nor has he been admitted to practice before the Middle District of Florida. Accordingly, the district judge properly dismissed Whitehurst's complaint, and we do not address the merits of his negligence claim.

*C. Bias and Prejudice and Abuse of Discretion Claims*

Whitehurst argues that the "Assigned Judge"[2] was biased and prejudiced against him. He claims that the court became an advocate for the defendant. He

---

[1]Law students are, however, permitted to make appearances under certain conditions. M.D. FLA. R. 2.05.

[2]Although it is unclear, Whitehurst appears to be referring to both the magistrate and district judges. We refer to them individually or collectively as "court."

further claims that the court abused its discretion by signing orders without ever appearing before the parties in a courtroom. We disagree.

We review these claims for plain error because they are raised for the first time on appeal. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). A judge should recuse himself if he "has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir.), *cert. denied* ___ U.S. ___, 128 S. Ct. 671, 169 L. Ed. 2d 526 (2007) (citation and quotation marks omitted).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality . . . ." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation and quotation marks omitted). A judge should recuse himself if his remarks "demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and

7

counsel constitute pervasive bias." *Hamm*, 708 F.2d at 651 (internal citations omitted).

Here, the court commented that Whitehurst's complaint failed to state a claim. But the court gave Whitehurst multiple chances to amend his complaint. The court also, on its own, appointed pro-bono counsel for Whitehurst. In light of the foregoing, no reasonable observer would significantly doubt the court's impartiality here. Thus, the court did not plainly err by failing to recuse itself or by signing orders without appearing before the parties in a courtroom.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we find no reversible error. We affirm the final order dismissing Whitehurst's complaint for failure to state a claim. We dismiss those portions of Whitehurst's appeal over which we lack jurisdiction.

**AFFIRMED IN PART AND DISMISSED IN PART.**