[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13444
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-22463-DLG

DALE H. CLINE,

Plaintiff-Appellant,

versus

COUNSELOR TOLLIVER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Dale H. Cline appeals pro se the district court's grant of summary judgment

in favor of defendant Counselor Tolliver and dismissal pursuant to 28 U.S.C.

§ 1915 of his claims against all other defendants. Primarily, Cline argues that the district court erred in concluding that he failed to present any evidence of actual injury, because various inmate grievance forms that he submitted to the district court were sufficient evidence to show that Tolliver continually denied his requests for materials required to access the courts and show actual delays in his state court proceedings. Cline also argues that the district court abused its discretion by converting Tolliver's motion to dismiss to a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and by not granting his request to delay summary judgment until he could obtain discovery from Tolliver. Finally, in the conclusion of his brief, Cline asserts that the district court erred in dismissing his claims against Miami-Dade Corrections and Rehabilitation Department ("MDCRD"), Timothy P. Ryan, the Director of MDCRD, and Counselor Holmes.

A. Summary Judgment

On a Rule 12(b)(6) motion to dismiss, the scope of the district court's review is generally limited to the four corners of the complaint. *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). If matters outside the pleadings are presented by the parties and considered by the district court, then it must convert the Rule 12(b)(6) motion into a Rule 56 summary judgment motion, unless the matter falls

under a narrow exception. *Id.* (*citing* Fed.R.Civ.P. 12(d)).

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Under Rule 56, summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the burden of production, and if this burden is met, the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor. *Shiver*, 549 F.3d at 1343. Furthermore, a court must enter "summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 1344 (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)). Finally, we review a district court's decision not to grant a continuance under Rule 56(d) for abuse of discretion. *Burks v. American Cast Iron Pipe Co.,* 212 F.3d 1333, 1336 (11th Cir. 2000).

Prisoners have a clearly established constitutional right of access to the courts. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). However, the doctrine of standing requires that an inmate alleging a violation of this right must

3

show an actual injury. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). In order to show actual injury, a plaintiff must provide evidence that prison officials' actions impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case. *Al-Amin v. Smith*, 511 F.3d 1317, 1332-33 (11th Cir. 2008).

A plaintiff cannot state a claim by simply alleging systemic denial of access to courts or legal resources without tying the denial to an actual injury. *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). At the summary judgment stage, general factual allegations of injury will not suffice. *Barbour*, 471 F.3d at 1225. Instead, the plaintiff must set forth by affidavit or other evidence specific facts, which will be accepted as true for purposes of the summary judgment motion. *Id.*

B. Dismissal of Other Claims

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), using the same standards that govern Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). Under that standard, we must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine

whether the complaint states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). However, pleadings which are nothing more than legal conclusions are not entitled to a presumption of truth. *Id.* at ___, 129 S. Ct. at 1950.

Under § 1983, municipal liability is limited to acts for which the county is itself responsible based on an identified municipal policy or custom which resulted in the injury. *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). Additionally, claims under § 1983 may not rely upon *respondeat superior* and must allege some affirmative causal connection between an official's acts and the alleged constitutional deprivation. *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *see also Grech*, 335 F.3d at 1329.

C. Discussion

The district court properly granted summary judgment because Cline failed to show evidence of any actual injury related to Tolliver's actions. Cline alleged that Tolliver violated his rights by continuously denying him access to the courts and specifically, by refusing to make copies for him on August 10, 2009. On summary judgment, Cline failed to rebut, with evidence or affidavits, Tolliver's evidence showing that Cline received the requested copies one day later. Cline also failed to set forth specific facts of actual injury in relation to a direct criminal

appeal, habeas petition, or civil rights claim. *See Barbour*, 471 F.3d at 1225.

Furthermore, the district court did not abuse its discretion in converting Tolliver's motion to dismiss to a motion for summary judgment, because it considered documents beyond the pleadings and Cline had previously moved for summary judgment. The district court also did not abuse its discretion by declining to grant a Rule 56(d) continuance, because the necessary information to defeat summary judgment was generally accessible to Cline without discovery.

Finally, Cline's general allegations of denial of access to the courts were insufficient to state a claim for relief against the other defendants. Cline's formulaic allegations were nothing more than legal conclusions and, thus, failed to state a plausible claim for relief. *See Iqbal*, 556 U.S. at __, 129 S. Ct. at 1949-50. Furthermore, such generalized allegations of systemic denial of access are insufficient to state a claim without tying the denial to an actual injury. *Wilson*, 163 F.3d at 1291. Additionally, Cline may not rely upon *respondeat superior* to establish a claim against Ryan or MDCRD based solely on Tolliver's actions. *See Harris*, 65 F.3d at 917. Accordingly, we affirm the district court's grant of summary judgment in favor of Tolliver and § 1915 dismissal of Cline's claims against all other defendants.

**AFFIRMED.**