**IN RE: Jennifer SUTTON, Debtor.**

**Wells Fargo Bank, N.A., Plaintiff,**

v.

**Jennifer Sutton, Defendant.**

**CASE NO. 15-59460-BEM**
**ADVERSARY PROCEEDING**
**NO. 15-5329-BEM**

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed July 1, 2016

---

44. Fed. R. Civ. P. 60(c)(1).

Paul J. Morochnik, Weissmann Zucker Euster Morochnik P.C., Atlanta, GA, for Plaintiff.

## ORDER

Barbara Ellis-Monro, U.S. Bankruptcy Court Judge

This matter comes before the Court on Defendant's Motion to Dismiss [Doc. 23] and Plaintiff's Motion for Summary Judgment [Doc. 16]. Plaintiff seeks a determination that its debt is nondischargeable. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I).

■ Defendant's motion to dismiss claims Defendant is not liable for the debt at issue. Thus, it appears Defendant is seeking dismissal for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). However, the motion was filed more than five months after Defendant filed an answer and one day after Plaintiff filed its motion for summary judgment. A Rule 12(b)(6) motion must be filed before filing an answer. However, the Court may treat the motion as one seeking judgment on the pleadings under Fed. R. Civ. P. 12(c). *Filo America, Inc. v. Olhoss Trading Co., L.L.C.*, 321 F.Supp.2d 1266, 1267 (M.D.Ala.2004); *accord Whitehurst v. Wal–Mart Stores, East, L.P.*, 329 Fed.Appx. 206, 208 (11th Cir. 2008). Defendant in this proceeding is acting *pro se* and has not adhered to formal pleading requirements. Nevertheless, the Court finds it appropriate to treat her motion to dismiss as a motion for judgment on the pleadings.

## I. Defendant's Motion for Judgment on the Pleadings

■ A motion for judgment on the pleadings is governed by Fed. R. Civ. P. 12(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7012(b). The Court may grant judgment on the pleadings when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir.2001); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir.2014). A motion for judgment on the pleadings "is governed by the same standards as a motion to dismiss for failure to state a claim . . . ." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir.2014).

■ Fed. R. Civ. P. 8, incorporated by Fed. R. Bankr. P. 7008, sets forth a liberal pleading standard that requires the complaint to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations omitted). Attachments to the complaint are considered part of the pleadings for purposes of a Rule 12(b)(6) motion. *Solis–Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (citing Fed. R. Civ. P. 10(c)). In reviewing a motion for judgment on the pleadings, the Court "accept[s] as true all material facts alleged in the non-moving party's pleading, and ... view[s] those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335; *see also Cline v. Tolliver*, 434 Fed. Appx. 823, 825 (11th Cir.2011) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949).

When, as in this case, the complaint includes claims for fraud, Federal Rule of Civil Procedure 9(b) and Federal Rule of Bankruptcy Procedure 7009 require the complaint to "state with particularity the circumstances constituting fraud .... alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy Rule 9(b), Plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *American Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir.2010) (internal quotation marks and citations omitted). Plaintiff "may plead circumstantial evidence from which the Court may infer intent." *Old Republic Nat'l Title Ins. Co. v. Presley (In re Presley)*, 490 B.R. 633, 638 (Bankr.N.D.Ga.2013) (Diehl, J.) (citing

*Dionne v. Keating (In re XYZ Options, Inc.)*, 154 F.3d 1262, 1271 (11th Cir.1998)).

Plaintiff's complaint seeks to liquidate its debt and seeks a determination that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (a)(6), which provide as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonable relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

...

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a)(2), (6).

To state a claim for nondischargeability under § 523(a)(2)(A),[1] Plaintiff must allege facts showing that Defendant owes a debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's fi-

---

1. Plaintiff's complaint quotes the entirety of § 523(a)(2) and does not state whether the relief it is seeking is limited to either § 523(a)(2)(A) or (a)(2)(B). Therefore, the Court will consider both subparagraphs.

nancial condition[.]" This, in turn, requires a showing of common law fraud, which consists of: (1) a false representation by the debtor made with intent to deceive the creditor; (2) justifiable reliance on the representation by the creditor; and (3) a loss sustained by the creditor as a result of the representation. *Taylor v. Wood (In re Wood)*, 245 Fed.Appx. 916, 917–18 (11th Cir.2007). The standard under § 523(a)(2)(B) is similar except that the fraudulent statement must be contained within a writing respecting the financial condition of the debtor or an insider of the debtor, and the creditor's reliance must be reasonable. *See Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994).

To state a claim for nondischargeability under § 523(a)(6), Plaintiff must allege facts showing Defendant owes a debt for willful and malicious injury. An injury is willful when the injury itself was "deliberate or intentional" and not merely the result of an intentional act that resulted in injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). An injury is malicious when it is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995) (quotation marks and citations omitted).

The complaint alleges as follows: On April 1, 2013, Defendant purchased two cashier's checks from a checking account she maintained with Plaintiff. [Doc. 1 ¶ 4]. The checks were made payable to Artefashion Museum in the amounts of $5,000 and $10,000. *Id.* At all material times, Defendant's checking account was governed by the Consumer Account Agreement. *Id.* ¶ 5. The Consumer Account Agreement provides for payment of attorney fees in the event Plaintiff takes any action against Defendant for any negative balance on her account. *Id.* ¶ 37.

On June 4, 2013, Defendant individually and/or on behalf of Artefashion Museum, Inc. attended a foreclosure sale on the Fulton County courthouse steps. *Id.* ¶ 6 Defendant was the successful bidder and purchaser of a property located at 1849 Warren Way, East Point, Georgia (the "Property"), for the amount of $35,000. *Id.* At that time, Defendant individually and/or on behalf of Artefashion Museum, delivered the cashier's checks to attorney Fred B. Wachter in connection with payment for the property. *Id.* ¶ 7.

On June 5, 2013, Defendant advised Plaintiff that the cashier's checks were lost or stolen, that she did not receive any of the proceeds from the cashier's checks, and that she did not benefit from them in any way. *Id.* ¶ 8. Also at that time, Defendant signed affidavits of lost or stolen item for each cashier's check, stating under oath that the checks had been lost or stolen. *Id.* ¶ 9. Based on Defendant's representations, Plaintiff stopped payment on the cashier's checks and returned the proceeds of the checks to Defendant. *Id.* ¶ 10. Defendant knew or should have known Plaintiff would rely on her representations in stopping payment on the cashier's checks. *Id.* ¶ 23. Plaintiff was justified in relying on Defendant's statements because Defendant held an account with Plaintiff when the checks were purchased and Defendant signed the affidavits under oath. *Id.* ¶ 24.

Mr. Wachter subsequently advised Plaintiff that the cashier's checks were properly delivered to him as payment for the Property that Defendant and/or Artefashion Museum purchased and received. *Id.* ¶ 11. At the time Defendant declared under oath in the affidavits that the checks were lost or stolen, she knew the represen-

tations were false because she had already presented the checks to Mr. Wachter. *Id.* ¶ 21, 22. Defendant's actions were willful and malicious. *Id.* ¶ 30. Plaintiff was required to make payment in the amount of the cashier's checks, less bank fees, to East West Bank for the benefit of Mr. Wachter. *Id.* ¶ 12. Defendant's statements that the cashier's checks were lost or stolen proximately caused injury to Plaintiff. *Id.* ¶ 25.

Plaintiff is entitled to recover the amount of the cashier's checks, which it previously returned to Defendant based on her false representation that the checks were lost or stolen. *Id.* ¶ 13. Accordingly, Plaintiff debited Defendant's accounts with Plaintiff in the amount of the cashier's checks. *Id.* ¶ 14. Because the accounts did not have sufficient funds to reimburse Plaintiff for the full amount of the cashier's checks, a negative balance of $14,833.25 was created. *Id.* ¶ 15.

Upon information and belief, Defendant sold the Property that was purchased with the cashier's checks. *Id.* ¶ 16. Despite Plaintiff's demands, Defendant has failed to reimburse Plaintiff for the negative account balance. *Id.* ¶ 17. As a result of Defendant's actions, Defendant owes Plaintiff a debt in the amount of $14,833.25, pre-judgment interest in the amount of $2,291.88 through August 21, 2015, accruing interest at the rate of 7% per annum though the date of judgment pursuant to the agreement between the parties, and reasonable attorney fees and costs. *Id.* ¶ 26.

Plaintiff attached to its complaint copies of (1) the two cashier's checks; (2) the Consumer Account Agreement; and (3) the Affidavit as to Lost, Destroyed or Stolen Cashier's or Official Check executed by Defendant for each check.

Defendant's motion to dismiss contends the debt in question is a debt of the corporation Artefashion Museum, Inc. and that Plaintiff obtained a default judgment against Artefashion Museum in the State of Florida. Defendant attached to her motion (1) a litigant information sheet for Wells Fargo Bank N.A. v. Jennifer Sutton and Artefashion Museum, Inc., No. 2015–31273–COCI [2]; a Business Account Application, apparently for a checking or savings account, made by Artefashion Museum; and a cashier's check from Wells Fargo Bank dated June 4, 2013, in the amount of $20,000, paid to the order of Artefashion Museum. The Court will not consider any of Defendant's attachments for purposes of this motion, as they are outside the pleadings.

 Here, Plaintiff has alleged sufficient facts to state a claim for fraud and for willful and malicious injury. Plaintiff alleged that Defendant obtained cashier's checks drawn on her bank account with Plaintiff; after the cashier's checks were used to purchase property at a foreclosure sale, Defendant swore under oath to Plaintiff that the checks were lost or stolen; as a result of Defendant's statements under oath, Plaintiff refunded her the money; Plaintiff was then required to pay out the money a second time when the cashier's checks were properly presented for payment. The allegations include specific details regarding Defendant's representations, including, dates, amounts, and content of the representations. Together, the allegations are sufficient to meet the heightened pleading standard of Fed. R. Civ. P. 9 and are sufficient to plausibly show a debt owed by Defendant that

**2.** Although the litigation information sheet does not show the name or location of the court, Defendant's Statement of Financial Affairs indicates the case is pending in state court in Volusia County, Florida [Case No. 15-59460, Doc. 1 at 7].

arose from a false statement by Defendant that was intended to deceive Plaintiff and which Plaintiff relied upon to its detriment. The allegations are also sufficient to plausibly show that Defendant intended to deprive Plaintiff of the value of the cashier's checks and did so without just cause or excuse. Accordingly, Defendant's Motion for Judgment on the Pleadings will be denied with respect to the claims for fraud and willful and malicious injury.

## II. Plaintiff's Motion for Summary Judgment

Summary judgment is governed by Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56, which provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The moving party must identify the pleadings, discovery materials, or affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. *Hairston v. Gainesville Sun Publ'g. Co.*, 9 F.3d 913, 918 (11th Cir.1993). Rather, the nonmoving party must present specific facts supported by evidence that demonstrate there is a genuine material dispute. *Id.* The Court may also consider materials in the record that are not cited by the parties. Fed. R. Civ. P. 56(c)(3). In deciding a motion for summary judgment, the Court

views the evidence and reasonable inferences in favor of the nonmoving party. *Gray v. Manklow (In re Optical Tech., Inc.)*, 246 F.3d 1332, 1334 (11th Cir.2001).

The movant is required to submit a separate statement of material facts, and the respondent is required to file a statement controverting any facts in dispute. BLR N.Ga. 7056-1(a)(1), (2). Any facts not controverted by the respondent will be deemed admitted. *Id.* 7056-1(a)(2). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When the material facts are not in dispute, the role of the Court is to determine whether the law supports a judgment in favor of the moving party. *Id.* at 249, 106 S.Ct. at 2511.

As set forth above, Plaintiff's claims rest on fraud and on willful and malicious injury. With respect to fraud under § 523(a)(2)(A), the material facts must relate to (1) a false representation by the debtor made with intent to deceive the creditor; (2) justifiable reliance on the representation by the creditor; and (3) a loss sustained by the creditor as a result of the representation.[3] With respect to willful and malicious injury under § 523(a)(6), the material facts must relate to (1) an injury intended by the debtor; (2) that was wrongfully inflicted or was inflicted without just cause.

 Plaintiff's Statement of Material Facts to Which No Genuine Issue Exists

---

**3.** As with Plaintiff's complaint, the motion for summary judgment does not state whether relief on the fraud claim is limited to either § 523(a)(2)(A) or (a)(2)(B). However, Plaintiff's Brief in Support of Motion for Summary

Judgment presents legal argument solely under the elements of § 523(a)(2)(A); thus, it does not appear Plaintiff is seeking summary judgment under § 523(a)(2)(B). [Doc. 17 at 7-9].

to Be Tried (the "Statement of Facts") [Doc. 18] parallels the factual allegations in its complaint. Plaintiff supports its statement of facts with citation to the Affidavit of Timothy O. Merck [Doc. 19], Defendant's Responses to Plaintiff's First Request for Admissions [Doc. 7], copies of cashier's checks [Doc. 19, exhibit A], the Affidavit of Fred B. Wachter [Doc. 20], a deed under power of sale for 1849 Warren Way [Doc. 20, exhibit BB], copies of the Affidavits of Lost or Stolen Item executed by Defendant [Doc. 19, exhibit B], and a limited warranty deed for 1849 Warren Way listing Artefashion as the grantor [Doc. 22, exhibit E]. Defendant did not attach to her response a "separate and concise statement of material facts, numbered separately, as to which [she] contends a genuine issue exists to be tried." BLR 7056-1(a)(2). Therefore, the facts in Plaintiff's Statement of Facts are deemed to be admitted. *Id.*

Plaintiff's Statement of Facts sets forth the following facts: On April 1, 2013, Defendant purchased three cashier's checks from a PMA Premier Checking Account she maintained with Plaintiff. [Statement of Facts ¶ 2]. The checks were made payable to Artefashion Museum in the amounts of $5,000, $10,000, and $20,000. *Id.* Defendant is the chief executive officer, president, and secretary of Artefashion Museum, Inc. *Id.* ¶ 3.

On June 4, 2013, on the Fulton County courthouse steps, a foreclosure sale was conducted for property located at 1849 Warren Way, East Point, Georgia. *Id.* ¶ 4. Fred B. Wachter cried out the sale. *Id.* ¶ 5. Artefashion was the successful bidder on the Warren Way property for the amount of $35,000. *Id.* ¶ 6. Artefashion purchased the property by delivering three cashier's checks to Mr. Wachter.[4] *Id.* ¶ 7. The cashier's checks were endorsed by Defendant. *Id.* ¶ 8. The deed under power of sale names Artefashion as the purchaser of the property. *Id.* ¶ 9.

On June 5, 2013, Defendant advised Plaintiff that the cashier's checks were lost or stolen, that she did not receive any of the proceeds from the checks, and that she did not benefit in any way either directly or indirectly from the checks. *Id.* ¶ 10. Also on June 5, 2013, Defendant signed Affidavits of Lost or Stolen Item for each cashier's check, stating under oath that the checks had been lost or stolen. *Id.* ¶ 11. Based on Defendant's representations and on Defendant's request, Plaintiff stopped payment on the checks and returned the check proceeds to Defendant. *Id.* ¶ 12.

Thereafter, Mr. Wachter advised Plaintiff that Defendant's representations were false. *Id.* ¶ 13. Mr. Wachter informed Plaintiff that the cashier's checks were delivered to him as payment for the Warren Way property, which Defendant and/or Artefashion Museum purchased and received. *Id.* ¶ 14. Plaintiff was required to make payment in the amount of the cashier's checks, less bank fees, to the East West Bank for the benefit of Mr. Wachter. *Id.* ¶ 15.

Because Plaintiff was required to pay the proceeds of the cashier's checks to East West Bank, Plaintiff is entitled to recover the amount of the checks which it previously returned to Defendant based on her representation that the checks were lost or stolen. *Id.* ¶ 16. Therefore, Plaintiff debited Defendant's accounts in the amount of the cashier's checks. *Id.* Defendant's accounts did not have sufficient funds to reimburse Plaintiff for the cash-

---

4. Mr. Wachter's affidavit states: "Two females represented Artefashion at the Foreclosure Sale." [Doc. 20 ¶ 5]. It does not identify Defendant as being present at the foreclosure sale or personally delivering the cashier's checks to Mr. Wachter. [Doc. 20 ¶ 5].

ier's checks, and an overdraft balance resulted. *Id.* ¶ 17. Defendant currently owes Plaintiff $14,833.25 for failure to pay the overdraft balance. *Id.* ¶ 18.

Artefashion sold the Warren Way property on August 22, 2014. *Id.* ¶ 20. Defendant filed a Chapter 7 petition on May 21, 2015, in which she listed Plaintiff as a creditor with an unsecured claim. *Id.* ¶ 21.

Although Defendant did not controvert any of the foregoing facts, she attached documents to her response that show additional facts relevant to the inquiry [Doc. 28, exhibit A]. Defendant's exhibit A is what appears to be her narrative or explanation of the events. The narrative is also included in the record as part of her Answer for Admissions and Request for Production of Documents [Doc. 11, at 4], and therefore may be considered by the Court. Fed. R. Civ. P. 56(c)(3). In the narrative, Defendant states that Aretfashion authorized a third party to purchase real property at a foreclosure auction on April 2, 2013. The April cashier's checks in the amounts of $5,000 and $10,000 were left over from the purchase. On June 4, 2013, Defendant purchased an additional cashier's check in the amount of $20;000.[5] Defendant gave the third party the two signed April cashier's checks, and she authorized the third party to sign the June cashier's check for purposes of purchasing additional foreclosure property. Defendant contacted the third party on the evening of June 4, 2013 to inquire about the proceedings at the courthouse. The third party informed Defendant that the cashier's checks had been lost. The following day, Defendant reported the loss to Plaintiff and put a stop payment on the checks. Defendant also attempted to contact the third party numerous times on June 5, 2013 but received no response. Artefashion later learned of the Warren Way purchase. Warren Way was not a property Artefashion had authorized the third party to purchase. Defendant's narrative further states that Plaintiff sued Artefashion in Volusia County, Florida and obtained a default judgment in the amount of $25,000 on October 5, 2015.

Defendant's narrative raises factual issues as it indicates that at the time Defendant signed the affidavits, she believed the cashier's checks to be lost. For purposes of § 523(a)(2)(A), this calls into question both the falsity of Defendant's representation and her intent to deceive Plaintiff. For purposes of § 523(a)(6), the narrative calls into question Defendant's intent to cause injury and whether she acted with malice. The facts deemed admitted plus the additional facts of Defendant's narrative create a factual issue as to the falsity of Defendant's representation and her intent. Further, even if the narrative is not considered, the undisputed material facts do not establish Defendant's knowledge at the time she reported the cashier's checks missing or her intent. Consequently, the Court cannot conclude that Plaintiff is entitled to judgment as a matter of law, and its motion for summary judgment must be denied.

## III. Conclusion

Plaintiff's complaint alleges sufficient facts to state a claim for nondischargeability based on fraud and willful and malicious injury. However, the record shows a factual issue with respect to whether Defendant intentionally made a false representation and whether she acted with fraudulent or malign intent. Accordingly, it is

---

5. The Court notes that the copies of the cashier's checks submitted as part of Plaintiff's motion for summary judgment show the $5,000 and $10,000 checks dated April 1, 2013, and show the $20,000 check dated June 4, 2013. [Doc. 17 at 31-33].

ORDERED that Defendant's Motion to Dismiss, construed as a Motion for Judgment on the Pleadings, is DENIED; it is further

ORDERED that Plaintiff's Motion for Summary Judgment is DENIED; it is further

ORDERED that consistent with the Court's order of March 11, 2016 [Doc. 24], the parties shall have 30 days from entry of this order to complete discovery, and the parties shall submit a consolidated proposed pretrial order within 30 days after expiration of the discovery period.

IT IS ORDERED as set forth below.